**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

GREGORY D. McKINZIE,

      Plaintiff,

v.

NATHANIEL HEFFNER AND
ANDREW HOSCH

      Defendants.

**JURY DEMAND**

Case No. 3:26-cv-00699

**COMPLAINT**

Plaintiff Gregory D. McKinzie ("Plaintiff"), by and through his attorneys, for his Complaint against Defendants Nathaniel Heffner and Andrew Hosch (collectively, "Defendants"), alleges upon knowledge as to his own acts and upon information and belief as to all other matters as follows:

**PARTIES**

1. Plaintiff Gregory D. McKinzie is an adult resident of Monroe County, Wisconsin.

2. At all times material to this action, Defendant Nathaniel Heffner was employed by the Monroe County Sheriff's Office as a law enforcement officer, holding the rank of Sergeant. He was acting under color of the statutes, customs, ordinances, policies, and usages of the State of Wisconsin and Monroe County. Defendant Heffner is sued in both his individual and official capacities.

3. At all times material to this action, Defendant Andrew Hosch was employed by the Monroe County Sheriff's Office as a law enforcement officer, holding the rank of Deputy Sheriff. He was acting under color of the statutes, customs, ordinances, policies, and usages of the State of Wisconsin and Monroe County. Defendant Hosch is sued in both his individual and official capacities.

4.    At all times relevant to this Complaint, Defendants Heffner and Hosch were acting within the course and scope of their employment with the Monroe County Sheriff's Office and under color of state law.

**JURISDICTION AND VENUE**

5.    This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 28 USCS § 1331, as this action arises under the Constitution and laws of the United States, specifically the Fourth and Fourteenth Amendments to the United States Constitution as enforced through 42 U.S.C. § 1983 42 USCS § 1983.

6.    This Court has original jurisdiction over Plaintiff's civil rights claims pursuant to 28 U.S.C. § 1343(a)(3) 28 USCS § 1343, as Plaintiff seeks to redress the deprivation, under color of state law, of rights, privileges, and immunities secured by the Constitution of the United States.

7.    This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) 28 USCS § 1367, as those claims are so related to Plaintiff's federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

8.    This Court has personal jurisdiction over Defendants Heffner and Hosch because they reside in Wisconsin and committed the acts complained of in Wisconsin.

9.    Venue is proper in the United States District Court for the Western District of Wisconsin pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Monroe County, Wisconsin, which lies within this judicial district.

10.    Specifically, the events giving rise to this action occurred on or about August 29, 2025, at or near 14070 County Highway I, Sparta, Monroe County, Wisconsin, during Plaintiff's seizure and arrest by Defendants.

**FACTUAL ALLEGATIONS**

11. On August 29, 2025, Plaintiff Gregory D. McKinzie was present at a residence located at or near 14070 County Highway I, Sparta, Monroe County, Wisconsin.

12. At all times relevant to this Complaint, Defendants Nathaniel Heffner and Andrew Hosch were employed by the Monroe County Sheriff's Office and were acting under color of state law.

13. During the evening hours of August 29, 2025, Defendants responded to the residence following a report of a domestic disturbance.

14. Upon arriving at the residence, Defendant Heffner made contact with Plaintiff outside the home while Defendant Hosch arrived shortly thereafter.

15. Plaintiff was not armed with any weapon.

16. Plaintiff did not threaten Defendants with a weapon.

17. At all times material to this Complaint, Defendants greatly outnumbered Plaintiff and possessed significant advantages in training, equipment, and authority.

18. Plaintiff was confronted by uniformed deputies who were equipped with department-issued firearms, electronic control devices, OC spray, handcuffs, radios, and other law enforcement equipment.

19. During the encounter, Defendant Heffner initiated physical contact with Plaintiff.

20. Defendant Heffner placed his hand on Plaintiff's torso in an attempt to control Plaintiff's movements.

21. Within moments, Defendant Heffner escalated the encounter from verbal communication to a physical seizure.

22. Defendant Heffner attempted to place Plaintiff into handcuffs.

23. A physical struggle followed.

24. During that struggle, Defendant Heffner wrapped his arms around Plaintiff's upper body and intentionally forced Plaintiff backward to the ground.

25.    Plaintiff struck the ground on his back as a result of Defendant Heffner's actions.

26.    Defendant Heffner landed on top of Plaintiff near Plaintiff's upper torso and chest.

27.    Defendant Hosch immediately joined Defendant Heffner in physically restraining Plaintiff on the ground.

28.    While Plaintiff was on the ground, Defendants attempted to force Plaintiff's arms behind his back.

29.    During the restraint, Defendants pinned Plaintiff to the ground using their combined body weight.

30.    While Plaintiff was restrained on the ground, Defendant Heffner announced that he intended to deliver a knee strike.

31.    Defendant Heffner then intentionally drove his right knee into Plaintiff's body.

32.    Defendant Heffner later admitted that the knee strike landed higher on Plaintiff's body than he intended.

33.    Despite that strike, Defendant Heffner delivered an additional knee strike to Plaintiff's left side while Plaintiff remained on the ground.

34.    During the same encounter, Defendant Hosch also intentionally delivered a knee strike to Plaintiff.

35.    Defendant Hosch later acknowledged that his knee struck Plaintiff in the groin area.

36.    Throughout the physical encounter, Defendants maintained physical control over Plaintiff while continuing their efforts to handcuff him.

37.    After repeated applications of force, Plaintiff was ultimately handcuffed.

38.    Immediately following the use of force, Plaintiff complained of severe pain.

39.    Plaintiff advised Defendants that he believed his ribs had been broken.

40.    Plaintiff further complained that he was experiencing significant difficulty breathing and requested emergency medical assistance.

41. Defendants summoned emergency medical personnel to the scene.

42. Plaintiff was placed into the care of emergency medical responders and transported by ambulance for treatment.

43. Diagnostic imaging performed following the incident revealed acute displaced fractures of Plaintiff's left posterior seventh and eighth ribs.

44. Medical providers also identified additional fractures involving Plaintiff's left posterior ninth and tenth ribs.

45. Plaintiff was further diagnosed with a left-sided pneumothorax.

46. Due to the severity of his injuries, Plaintiff required transfer for additional trauma evaluation and treatment.

47. Medical evaluation also identified a right renal injury consistent with a renal laceration.

48. As a direct and proximate result of Defendants' use of force, Plaintiff sustained multiple fractured ribs, a collapsed lung, a renal injury, severe physical pain, emotional distress, and other bodily injuries.

49. Plaintiff has incurred substantial medical expenses for the diagnosis and treatment of his injuries.

50. Plaintiff has experienced significant physical pain, emotional suffering, loss of enjoyment of life, inconvenience, disability, and other damages.

51. Plaintiff continues to suffer the physical, emotional, and financial consequences of the injuries inflicted during the August 29, 2025 encounter.

52. At all times relevant to this Complaint, Defendants acted intentionally, willfully, recklessly, or with deliberate indifference to Plaintiff's federally protected constitutional rights.

53. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages recoverable under federal and Wisconsin law.

**COUNT I**
**Excessive Force in Violation of the Fourth Amendment**
**(42 U.S.C. § 1983)**
**Against Defendants Nathaniel Heffner and Andrew Hosch**

54. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 53 of this Complaint as though fully set forth herein.

55. At all times relevant to this action, Defendants Nathaniel Heffner and Andrew Hosch were acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Wisconsin and Monroe County while employed as sworn law enforcement officers with the Monroe County Sheriff's Office.

56. The Fourth Amendment to the United States Constitution, made applicable to the States through the Fourteenth Amendment, guarantees individuals the right to be free from unreasonable searches and seizures, including the use of objectively unreasonable and excessive force during an investigatory detention or arrest.

57. At all times relevant to this Complaint, Plaintiff was seized within the meaning of the Fourth Amendment.

58. Defendants were required to use only that degree of force that was objectively reasonable under the totality of the circumstances confronting them.

59. The objective reasonableness of Defendants' conduct must be evaluated from the perspective of a reasonable officer on the scene while carefully balancing the nature and quality of the intrusion upon Plaintiff's Fourth Amendment rights against the governmental interests allegedly justifying the use of force.

60. In determining whether force is objectively reasonable, relevant considerations include, among other things, the severity of the suspected offense, whether the individual posed an immediate threat to the safety of officers or others, whether the individual was actively resisting arrest or attempting to evade arrest by flight, whether less intrusive alternatives were reasonably available, and whether the force employed was proportional to the circumstances.

61.    Defendants used significant physical force against Plaintiff, including forcibly taking Plaintiff to the ground, pinning Plaintiff beneath their combined body weight, and delivering multiple knee strikes to Plaintiff's torso and groin while attempting to restrain him.

62.    Defendant Heffner acknowledged that one of his knee strikes landed higher on Plaintiff's body than intended.

63.    Defendant Hosch likewise acknowledged delivering a knee strike that inadvertently struck Plaintiff in the groin area during the restraint.

64.    Immediately following Defendants' use of force, Plaintiff complained of severe rib pain, difficulty breathing, and requested emergency medical assistance.

65.    Plaintiff was transported by ambulance for emergency medical treatment, where diagnostic imaging revealed multiple fractured ribs, a left-sided pneumothorax, and additional traumatic injuries requiring further evaluation and treatment.

66.    Under the totality of the circumstances, the amount and degree of force employed by Defendants was objectively unreasonable and excessive.

67.    The force used by Defendants exceeded that which was reasonably necessary to effectuate Plaintiff's seizure or arrest.

68.    Defendants continued to employ significant physical force despite the substantial risk that such force would cause serious bodily injury.

69.    Defendants knew, or reasonably should have known, that repeatedly striking Plaintiff with their knees while Plaintiff was on the ground created a substantial risk of causing severe bodily injury.

70.    As a direct and foreseeable consequence of Defendants' actions, Plaintiff sustained multiple displaced rib fractures, a pneumothorax, a renal injury, severe physical pain, emotional distress, and other serious bodily injuries.

71.    Defendants' conduct deprived Plaintiff of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution and is actionable pursuant to 42 U.S.C. § 1983.

72.    The actions of Defendants were intentional, willful, malicious, reckless, and/or demonstrated a callous and reckless indifference to Plaintiff's federally protected constitutional rights.

73.    As a direct and proximate result of Defendants' unconstitutional conduct, Plaintiff has suffered and continues to suffer physical injuries, pain and suffering, emotional distress, mental anguish, disability, loss of enjoyment of life, medical expenses, lost wages, diminished earning capacity, and other compensable damages.

74.    Defendants' conduct was undertaken with reckless or callous indifference to Plaintiff's constitutional rights, thereby entitling Plaintiff to an award of punitive damages against Defendants in their individual capacities pursuant to applicable federal law.

## COUNT II
### Battery Under Wisconsin Law
### (Against Defendants Nathaniel Heffner and Andrew Hosch)

75.    Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 74 of this Complaint as though fully set forth herein.

76.    At all times material to this action, Defendants intentionally made physical contact with Plaintiff's person.

77.    Defendants intentionally seized Plaintiff by forcefully grabbing him, taking him to the ground, restraining him beneath their combined body weight, and striking Plaintiff multiple times with their knees while attempting to handcuff him.

78.    Defendant Heffner intentionally delivered at least two knee strikes to Plaintiff's body during the restraint. Defendant Heffner subsequently acknowledged that one of those strikes landed higher on Plaintiff's body than intended.

79.    Defendant Hosch intentionally delivered a knee strike during the restraint, which struck Plaintiff in the groin area. Defendant Hosch later acknowledged that the strike inadvertently landed in Plaintiff's groin while attempting to gain control of Plaintiff.

80.    The physical contacts described above were intentional acts committed by Defendants.

81.    Plaintiff did not consent to the harmful and offensive physical contact inflicted by Defendants.

82.    Although law enforcement officers may use reasonable force when making an arrest or detention, they are not privileged to employ force that is excessive, unreasonable, or greater than that reasonably necessary under the circumstances.

83.    Defendants exceeded any privilege they may otherwise have possessed by employing force that was unnecessary, excessive, and objectively unreasonable under the circumstances.

84.    The force used by Defendants constituted harmful and offensive contact within the meaning of Wisconsin law.

85.    As a direct and proximate result of Defendants' intentional conduct, Plaintiff sustained severe bodily injuries, including multiple fractured ribs, a left-sided pneumothorax, a renal injury, severe physical pain, emotional distress, and other permanent and continuing injuries.

86.    Plaintiff incurred substantial medical expenses for emergency treatment, hospitalization, diagnostic imaging, and follow-up medical care as a result of Defendants' conduct.

87.    Plaintiff has suffered, and will continue to suffer, physical pain, emotional distress, humiliation, disability, loss of enjoyment of life, loss of earnings, diminished earning capacity, and other compensable damages.

88.    Defendants acted intentionally, willfully, maliciously, or with reckless disregard for Plaintiff's rights and safety.

89.    As a direct and proximate result of Defendants' battery, Plaintiff has sustained damages recoverable under the laws of the State of Wisconsin.

## COUNT III
### Negligence Under Wisconsin Law
### (Against Defendants Nathaniel Heffner and Andrew Hosch)

90.     Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 89 of this Complaint as though fully set forth herein.

91.     At all times relevant to this action, Defendants Heffner and Hosch owed Plaintiff a duty to exercise ordinary care in the performance of their law enforcement duties.

92.     That duty included the obligation to exercise reasonable care in planning, executing, and controlling any physical restraint or use of force and to avoid creating an unreasonable risk of foreseeable injury to Plaintiff.

93.     Defendants further owed Plaintiff a duty to use only that degree of force reasonably necessary under the circumstances and to exercise reasonable care to avoid inflicting unnecessary or excessive injury during Plaintiff's detention and arrest.

94.     Defendants breached their duties of ordinary care by, among other things:

   a. Failing to employ reasonable and appropriate restraint techniques;

   b. Failing to exercise reasonable care while physically taking Plaintiff to the ground;

   c. Failing to reasonably control the force and direction of their knee strikes during the physical restraint;

   d. Continuing to apply force in a manner that created an unreasonable risk of serious bodily injury;

   e. Failing to adequately assess the foreseeable risk of severe injury associated with repeated knee strikes to Plaintiff's torso while Plaintiff was on the ground;

   f. Failing to modify or discontinue their use of force after Plaintiff exhibited signs of significant physical injury;

   g. Failing to exercise reasonable care for Plaintiff's safety while effecting his arrest; and

h. Otherwise failing to exercise the degree of care that a reasonably prudent law enforcement officer would have exercised under the same or similar circumstances.

95. Defendant Heffner acknowledged that one of his knee strikes landed higher on Plaintiff's body than intended, demonstrating a failure to reasonably control the force used during the encounter.

96. Defendant Hosch likewise acknowledged that his knee strike inadvertently struck Plaintiff in the groin while attempting to restrain Plaintiff.

97. Immediately following Defendants' use of force, Plaintiff complained of severe rib pain, difficulty breathing, and requested emergency medical assistance.

98. As a direct and proximate result of Defendants' negligent acts and omissions, Plaintiff sustained severe bodily injuries, including multiple fractured ribs, a left-sided pneumothorax, a renal injury, severe physical pain, emotional distress, and other permanent injuries.

99. Plaintiff has incurred substantial medical expenses and has suffered loss of earnings, diminished earning capacity, pain and suffering, emotional distress, disability, loss of enjoyment of life, and other compensable damages.

100. The negligent conduct of Defendants was a substantial factor in causing Plaintiff's injuries and resulting damages.

**PRAYER FOR RELIEF**

**WHEREFORE, Plaintiff, by and through undersigned counsel, respectfully requests that the Court enter judgment in Plaintiff's favor and against Defendants as follows:**

A. Awarding Plaintiff compensatory damages in an amount to be determined at trial for all injuries and damages sustained as a result of Defendants' acts and omissions, including but not limited to past and future medical expenses, past and future pain and suffering, emotional distress, disability, loss of enjoyment of life, lost wages, loss of earning capacity, and other economic and non-economic damages;

B. Awarding Plaintiff punitive damages where permitted by law and warranted by Defendants' conduct;

C. Awarding Plaintiff statutory damages, costs, disbursements, and reasonable attorney's fees to the extent permitted by applicable law, including pursuant to 42 U.S.C. § 1988 and other applicable authorities;

D. Awarding Plaintiff pre-judgment interest and post-judgment interest as allowed by law;

E. Awarding Plaintiff the costs of this action, including reasonable litigation expenses;

F. Granting such other and further relief as the Court deems just and equitable.

## JURY DEMAND

**Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Wis. Stat. § 805.01 and any other applicable authority.**

Respectfully submitted,

PHILLIP S. GEORGES, PLLC
Attorney for Plaintiff, GREGORY D. McKINZIE

By: /s/ Phillip S. Georges
Phillip S. Georges
State Bar No. 1056511
801 18th Ave S
Nashville, TN 37203
Phone: (615) 486-4115, Ext. 700
Fax: (615) 576-8668
Email: phil@wolfofjustice.com